The next case today is Sang-Chul Wu v. Charles C. Spackman et al. Appeal number 201527. Attorney Stein, please introduce yourself to the record. May it please the court, Daryl Stein for appellant Sang-Chul Wu. May I please reserve two minutes for rebuttal, your honor? Yes, you may. This appeal presents a case with diverse parties in a monetary dispute of more than $13 million. Precisely the sort of dispute contemplated by the federal diversity statute. Yet the district court... Counsel, can we just stop right at that statement? Let me offer you a couple of propositions. All right. First, you will agree, will you not, that it is the pleader's burden, plaintiff's burden to show jurisdiction? That is correct, your honor. Yes. All right. And our case law makes it clear that jurisdiction must appear from the face of the complaint. I've looked at every piece of paper that you filed, that 14 page document. And there is no allegation in that 14 page document that concerns the citizenship of either party. Am I wrong? That is correct, your honor. You're not wrong, your honor. All right. So that, I then say to myself, there are no facts pled that illustrate jurisdiction. There are none of the trappings of the usual civil action. There was no institution of a proceeding by summons and complaint. How can we say there is diversity jurisdiction? Allow you to make it up by allegations in memoranda or other filings? Your honor, this case was initiated according to the district court's mechanism for the registration of state court judgments. No, the district, excuse me, the district court doesn't have a mechanism for the recordation of state court judgments. The district court operates under section 1963, which, and I understand that there's a dispute about this, but which read according to its tenor applies only to federal court judgments. Now I understand you have an argument that it should be extended to state court judgments, but we've got no express hold of our court or of the Supreme Court or indeed of the District of Massachusetts saying that it applies to state court judgments. Your honor is correct that there is no binding authority on this question, but the District of Massachusetts has, since 1996, accepted the registration of state court judgments. Excuse me, never in a contested case. That is correct, your honor. I've had a law clerk look at every instance you cited, never contested, so there's no law on this. You're asking us to make new law and hold that a statute that on its face seems on first read clearly to apply only to federal court judgments should be extended to apply to state court judgments. Your honor, I don't think that the court necessarily needs to read section 1963 to extend to state court judgments in order to find jurisdiction here. No, if we had pleadings that showed diversity or the existence of a federal question or the existence of a question under the bankruptcy code, some other source of federal jurisdiction, I'd agree with you. Excuse me, but the 14 pages that you filed don't contain anything like that. I'll address your question, Judge Salia, and then I think Judge Ciotta, you might have had a question. Your honor, the basis for the subject matter jurisdiction under the diversity statute can be found under the pleadings that were subsequent in the litigation. That's to say that show the citizenship of Mr. Spackman as a U.S. citizen and a Massachusetts resident and Mr. Woo as a Korean national. The amount in question is clearly above $75,000. Now, because those conditions were satisfied, there are the circumstances here to show subject matter jurisdiction under the diversity statute. Wait a second. Even if we could look at those documents, you say that the other filings show that Mr. Spackman is a U.S. citizen. That's correct, your honor. Is that alone sufficient to show diversity? Your honor... I thought the obligation of the statute was to show that he was a citizen of a particular state. That's correct, your honor, and there's also evidence in the record showing that Mr. Spackman maintains a residence in the Commonwealth of Massachusetts. That's right. And is residency the same thing as citizenship? Not necessarily, your honor. No, you've said the two are different concepts. The Supreme Court has said it, but we've also said it. Yes, your honor, but based on the record that we've submitted, we believe that he is a citizen of Massachusetts, and on that basis, the diversity statute has been satisfied. For what claim? For the debt that is owed under the judgment. There's a substantive right under Massachusetts state law for the enforcement of judgments. There are two statutes that provide for it. But have you brought that action? We have not commenced... I thought all you've done was try to register the judgment. But how is that the devil action that the diversity statute's got to play? So I think there are two questions there, your honor. The first is how we commence the action, and then how that action that we've commenced satisfies the diversity statute. So the way that we commence... No, no, no. Okay. We have to have... You have to have a source of subject matter jurisdiction to register. One possibility would be 1963. So... But we're going to put that aside. Another possibility might have been 1738. You don't raise that on appeal. So what gives the district court the authority to accept the registration to begin with? The only thing I can see you've identified is diversity jurisdiction. But to accept the judgment to register, the diversity jurisdiction statute requires it to be a civil action. I don't understand how the acceptance of registration itself is a civil action. So I don't see how the diversity... Your honor... ...do what you want it to do. Your honor, I think that the term civil action is used in the diversity statute. It's not something that's been addressed in many cases, but I think those that have addressed it, and we've cited these in our briefing, refer to it in contradistinction to those actions that are criminal in nature. This is a monetary dispute over the enforcement of a debt. And the reality is that the U.S. Congress in section 1963 and the state legislatures under the Uniform Act that have been adopted... Okay, so if we accepted that there's subject matter jurisdiction, doesn't the district court independently need some source of authority to accept the state court judgment? I mean, it can't just... ...do things. So what is the source of the authority to accept it? Your honor, I think the source of authority is the Massachusetts state law sitting in diversity that allows for the enforcement of foreign state judgments. Yeah, but there was no Massachusetts state law allowing for the registration of the judgment. You want to register a judgment. That's what you first need the district court to do. What is its statutory authority to do that? The statutory authority we think comes from the fact that there's diversity and the application of state law. Secondarily, the court can look to section 1963 and the federal procedure. What's state law? There's no state law authority to register, is there, at the time? Your honor, there are two statutes at issue. The first one is... I'm just pulling up the citations here for your reference. It's 218... That's time. Was there a state law provision that allowed the registration of this judgment at the time you tried to register it in district court? There was a different statute, 235-4A, that called for the execution of actions on judgments. Was there a state law authority to register a judgment in state court at the time you tried to register this state court judgment in federal court? There wasn't, your honor, although the question about jurisdiction... That's a pretty unusual thing because the very act you're asking this court to do you couldn't do in state court. So what is the source of the federal court's authority to accept the registration if it's not 1963? It can't be the diversity statute. That's not a source of authority that just gives it jurisdiction to do those things it has authority to do. So what is the source of authority to accept the registration of the judgment? I think that's a helpful distinction, your honor, because I think there the question is a matter of procedure and whether we follow the proper procedure for enforcing the judgment. But if the court has the jurisdiction between the parties based on the amount of controversy, the citizenship, and the fact that this is a civil dispute, then the question of procedure is one that can be addressed separately. But the court dismissed for lack of subject matter jurisdiction. That's fine, but I'm just going to affirm on an independent ground. So just humor me. If we got past the diversity jurisdiction issue, what would be the source of authority to accept the registration of the judgment in federal district court if it's not section 1963? Your honor, if the court reversed the subject matter jurisdiction finding, but found that the procedure was improper, the question would then be, what is the proper procedure for proceeding with this action? And we're here on what arose from a motion to quash a subpoena. And if the court were to find subject matter jurisdiction, but find that a different procedure needed to be followed, that subpoena could then still be enforced. Only if there was some other procedure. That's what I'm asking. What is the source of authority to register the judgment, which is the predicate for the subpoena? The substantive right to enforce the judgment we think comes from the Massachusetts state law. In addition, I think that section 1963, and this is the secondary argument that G.E. Betts made, can be read to include the statute, can be read to include the state courts. We don't think the court needs to go there, though, because the court's subject matter jurisdiction comes from the section 1332A2. Thank you, counsel. Thank you, Your Honor. Attorney Stein, you can mute, and then Attorney Brooks, if you could unmute and introduce yourself on the record. Yes. May it please the court, Doug Brooks for Appellee Sohee Kim. Plaintiff in this case took a state court judgment that he obtained in New York and purported to register it in federal court in the District of Massachusetts pursuant to section 1963. Section 1963 is the only mechanism that allows a party to register a judgment from another court in federal district court. By its plain terms, as the district court correctly held, section 1963 only permits a party to register a judgment from another federal court, not a state court. This conclusion is supported by the case law. There is not a single case that is held that section 1963 allows a party to do what Mr. Wu sought to do here, register a state court judgment in federal court. Although the First Circuit has not squarely addressed the issue, there's no dearth of case law on the issue. We cited 16 cases from various circuits, the 2nd, the 6th, the 9th, and the 10th, and a number of district courts, directly holding that 1963 does not allow for the registration of state court judgments in federal court. The only court not to completely align with those decisions was the 7th Circuit in G.E. Betts, which held that the language 1963 was ambiguous in this regard. G.E. Betts did not reach the issue of whether a plaintiff could register a state court judgment in federal court under 1963, but decided that because of what it perceived to be ambiguity in the statute, 1963 did not necessarily prevent a registration action outside of that outside of the statute under very unique circumstances, which are not present here, specifically that that really wasn't just a registration action because there was a new party to that action. And so, really, the issue on 1963 I would submit is clear in some, Mr. Wu cannot use 1963 to register his New York state court judgment. So, his fallback position, which we noted, he did not raise until he filed the motion for reconsideration, is that irrespective of section 1963, he can register the judgment under the diversity of citizenship statute. So, as a threshold fundamental matter, and I believe your honors raise this, that's not what happened here. Mr. Wu did not invoke or plead the district court's diversity jurisdiction when he registered. He simply registered a state court judgment without any reference to the alleged diversity of the parties or otherwise state the basis for his subject matter jurisdiction. This is not surprising because the procedure when one registers a judgment under 1963 is simply the ministerial act of filing a copy of the judgment with the clerk. The judgment creditor doesn't make an allegation of jurisdiction because it's not relevant in a registration action. And this is shown in the Fidelity versus Friedman decision that we cite, 2019 decision, where it stated that the issue of jurisdiction, and there was personal jurisdiction, is irrelevant for 1963 purposes. Mr. Wu next argues that he can register the state court judgment under the diversity statute because 1963 contains language that the registration procedure is in addition to other procedures provided for the enforcement of judgments. The problem with that argument is that the diversity of citizen statute is not a procedure for enforcing judgments. It's a jurisdictional statute. And again, outside of section 1963, Mr. Wu was unable to point to any procedures that allow for the registration of state court judgments in federal court. And if there's nothing else, your honors... I just had a technical question. The district court gets dismissed for lack of jurisdiction. Yes. It's possible that's correct because we could read 1332 civil action in a way that would require action because it's just a request to register. Assuming section 1963 is not the source of authority. If we do that, that creates some tension, potentially, with the Seventh Circuit understanding of how to read the diversity statute. The alternative argument that you're suggesting is that there is no source of authority, even if there were diversity jurisdiction, for the district court to register the judgment. It's almost like it's akin to no cause of action as opposed to no jurisdiction. If we did that, that's not really a jurisdictional ruling, that's just a dismissal on the merits. There's just no authority to do this thing. Even if we assume there was a diversity jurisdiction. I guess what you'd have to do is to clean those two things because your second argument does sound more merit-like rather than... Yeah, although I think if I'm understanding you correctly, Judge Barron, I think that if it's dismissed because... If it's dismissed because there's no cause of action, then there's still no subject matter jurisdiction simply because... Well, that's not... If I bring a state law cause of action in a federal court with diverse parties, I clearly satisfy diversity jurisdiction, but we sometimes dismiss because the cause of action you claim turned out to be wrong. It didn't really exist under state law. That's a merits ruling, not a diversity point because that court had jurisdiction to entertain the question. Here there's a prior question whether we even had jurisdiction to entertain it because maybe it's not a civil action given the nature of the thing they're trying to do, which is just register a judgment. But there's a second point, which is even if they are trying to register a judgment and we do have a law, the Seventh Circuit's ruling about how to read the diversity statute in bets, nonetheless, there's just nothing that's been identified that would give any authority to this district court to register this state court judgment. That's just the merits ruling. I think that's right, Your Honor. As I see it, there is no subject matter jurisdiction for all the reasons we laid out, but even if... Four minutes remaining. Even if the court found that there was subject matter jurisdiction, it necessarily should be dismissed on the merits as well. Are there any other questions for Mr. Brooks? No. Okay. Thank you, Your Honors. Thank you. Thank you, Mr. Brooks. We have a two-minute rebuttal from Mr. Stein. Mr. Brooks, you can mute your device. Mr. Stein, please reintroduce yourself to the record. Thank you, Your Honors. Daryl Stein on behalf of Mr. Wu. I'd like to begin briefly with GE Bets because I think that case is an important one because it's the only case that has squarely addressed the question that's before the court here, which is whether there is federal subject matter jurisdiction where an action has been commenced by registration and there is diversity of the parties. That's precisely the situation we have here. The question we've been turning to is what is the source of authority, which I think is both a question of substantive right and of procedure. I think on both of those points, I think the Massachusetts statutes are essential. There's one that provides for the execution of judgments. That's MGL 235 Section 14, which requires the filing of a transcript, which is precisely what was done by the registration in the district court. The other is MGL 218 Section 4A, which is the Massachusetts adoption of the Uniform Enforcement of Foreign Judgment Act. Your Honors, this is a situation where a judgment debtor... Were both of those in effect the day you filed this registration? The first was. And the second wasn't, right? The second became effective because, Your Honor, if this is a question about what procedure needs to be followed in order to pursue this, the subject matter jurisdiction, we believe, is satisfied by the diversity of citizenship of the parties. What we're talking about is the procedure. If this is reversed, if this court were to reverse and find that there was subject matter jurisdiction and require that it be repleted or refiled, then the court could apply the...sorry, the district court could apply the statute that's in effect now. It could require that it be commenced as an independent action. The fact would remain that Ms. Kim has been validly served with the subpoena pursuant to Rule 45 and would be required to answer. Whether you... It's quite a stretch to say, yes, you could use now a cause of action that didn't exist prior, but even if we said that, how does that then spring backward in time and make the subpoena valid? You'd have to serve a subpoena again, wouldn't you? Your Honor, we think that Ms. Kim was served while in the Commonwealth of Massachusetts. Last time. If I can finish, Your Honor. You can finish. Your Honor, the action was commenced in according to the procedure that's been followed for years in the District of Massachusetts. Understanding that the Court might have some reservations about that procedure, those reservations about procedure are different than the reservations that the District Court based its judgment on, which was the lack of subject matter jurisdiction. If there is subject matter jurisdiction, that case was before the Court on the basis of diversity, then the question of the procedure, the question of the enforcement of the subpoena, are questions that can be addressed by the District Court on remand. Thank you. Thank you, Mr. Stein. Thank you, Your Honor. That concludes the arguments for today. This session of the Honorable United States Court of Appeals is now recessed until the next session of the Court. God save the United States of America and this Honorable Court. Counsel, you may disconnect from the meeting.